UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

FRANK ALEXANDER,

    Petitioner,

v.

DON HULICK and ATTORNEY
GENERAL OF THE STATE OF ILLINOIS,

    Respondents.

Case No. 05-cv-708-JPG

## **MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff Frank Alexander's motion to vacate the judgment in this case pursuant to Federal Rule of Civil Procedure 60(b)(1) for his excusable neglect and, in the alternative, for leave to appeal out of time (Doc. 15). The Court entered judgment in this *habeas corpus* case on August 11, 2008, after consideration of a July 11, 2008, Report and Recommendation ("Report") from Magistrate Clifford J. Proud to which Alexander did not object. The Court found that the Report was not clearly erroneous and therefore adopted it in its entirety. Now, more than ten months after the Report was issued, Alexander asks the Court to vacate its judgment on the grounds that he was unable to object to the Report or ask for an extension of time because an inmate paralegal was no longer able to assist him, that inmate had taken Alexander's pertinent documents with him to another part of the institution, and the institution was frequently on lock-down. He asks the Court to reinstate his petition or, in the alternative, to allow him to file a later notice of appeal.

**I.    Motion to Vacate Judgment and Reinstate Petition**

As a preliminary matter, the Court construes this motion as a genuine Rule 60(b) motion rather than a successive § 2254 petition. Congress has placed limitations on filing successive § 2254 claims which are set forth in 28 U.S.C § 2244(b). Generally, in order for this Court to

consider new claims in a successive petition for habeas relief, the Seventh Circuit Court of Appeals must certify the successive petition pursuant to 28 U.S.C. § 2244(b)(3). *Lambert v. Davis*, 449 F.3d 774, 777 (7th Cir. 2006) (citing *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) (§ 2255 context)), *cert. denied sub nom Lambert v. Buss*, 549 U.S. 1283 (2007). A post-judgment motion such as a Rule 60(b) motion is a successive habeas corpus application when it advances a new claim, that is, a new ground for relief from a conviction, or an attack on the Court's prior resolution of a ground for relief on the merits. *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005). However, a Rule 60(b) motion that does not assert or reassert claims of error in the conviction and instead points to a defect in the integrity of the § 2254 proceedings or attacks a procedural ruling in the habeas proceeding is not a successive petition. *Gonzalez*, 545 U.S. at 532. Alexander's pending motion attacks the Court's prior judgment on a procedural ground – that he was prevented from objecting to the Report – rather than advancing a new claim or attacking the Court's prior resolution of a ground for relief on the merits. Thus, it is not a successive petition, and the Court has jurisdiction to consider it without prior approval from the Court of Appeals.

Nevertheless, the Court rejects Alexander's pending motion. It is well settled that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)). Rule 60(b) allows a court "to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). The rule authorizes a Court to grant relief from judgment for the specific reasons listed in the rule but does not authorize action in response to general pleas for relief. *See Young v. Murphy*, 161

F.R.D. 61, 62 (N.D. Ill. 1995). It is also not an appropriate vehicle for addressing simple legal error, for rehashing old arguments, or for presenting arguments that should have been raised before the court made its decision. *Russell*, 51 F.3d at 749; *Rutledge v. United States*, 230 F.3d 1041, 1052 (7th Cir. 2000); *Young*, 161 F.R.D. at 62; *In re Oil Spill by "Amoco Cadiz,"* 794 F. Supp. 261, 267 (N.D. Ill. 1992), *aff'd*, 4 F.3d 997 (7th Cir. 1993) (Table). Furthermore, ignorance of a litigant or attorney is not appropriate grounds for relief under Rule 60(b). *McCormick*, 230 F.3d at 327.

Rule 60(b)(1) specifically provides for vacating a judgment that resulted from a party's excusable neglect. Excusable neglect can include omissions through carelessness and mistake. *Robb v. Norfolk & Western Ry.*, 122 F.3d 354, 359 (7th Cir. 1997) (citing *In re Bulic*, 997 F.2d 299, 302 (7th Cir. 1993)); *see Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 388-89 (1993) ("excusable neglect" in bankruptcy context). A court should determine whether neglect is excusable by weighing the equities, taking into account all of the relevant circumstances including the danger of prejudice to the opposing party, the length of and reason for the delay, the potential impact on judicial proceedings, and whether the negligent party acted in good faith. *Pioneer*, 507 U.S. at 395; *In re Bulic*, 997 F.2d at 302. The court has discretion to determine whether neglect is excusable. *Robb*, 122 F.3d at 361.

The Court finds that Alexander's failure to object to the Report in a timely manner and failure to ask for an extension of time to object until ten months after Magistrate Judge Proud issued the Report are not justified by excusable neglect. The Court warned Alexander of the objection deadline in an attachment to the Report and that he would waive objections if he did not raise them in a timely manner. If Alexander was unable to object in a timely manner because of a lack of assistance or because he did not have the relevant documents, he could have

3

asked the Court for an extension of time. His ignorance that such an extension was available does not provide a good excuse. Alexander has provided no acceptable reason he could not have approached the Court sooner than ten months after the Report was entered and nine months after final judgment was entered. Furthermore, his ten-month delay in approaching the Court with his predicament belies any good faith effort to abide by the rules regarding objection periods. Finally, the Court is not inclined to disturb the finality of its judgment so long after it was entered without a compelling reason, which Alexander has not provided.

## II.     Motion to Reopen Time to File an Appeal

Alternatively, Alexander asks the Court to allow him to file a late notice of appeal. Under Federal Rule of Appellate Procedure 4(a)(1)(A), Alexander had 30 days from the entry of the Court's August 11, 2008, judgment to file a notice of appeal. He failed to do so.

Federal Rule of Appellate Procedure 4(a)(6) allows the Court to reopen the time for a party to file a notice of appeal in certain circumstances:

> **Reopening the Time to File an Appeal.** The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

As for the first requirement, Rule 77(d)(1) requires the Clerk of Court to serve notice of an order on each non-defaulted party immediately after entering it and provides that a party may

4

also serve notice of the order.  Alexander has not alleged that he did not receive notice of the judgment in this case from the Clerk of Court within 21 days of its entry.

Nor does Alexander satisfy the second requirement.  His motion to reopen the time to file an appeal was not filed within 180 days after August 11, 2008, the day judgment was entered, and Alexander does not allege he filed the pending motion within 7 days of receiving the judgment under Rule 77(d)(1).

The Court need not examine the prejudice issue in light of Alexander's failure to satisfy Appellate Rule 4(a)(6)'s first two requirements.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Alexander's motion to vacate the judgment in this case and to reinstate his *habeas* petition or, in the alternative, to reopen his time to file a notice of appeal (Doc. 15).

**IT IS SO ORDERED.**
**DATED:  June 11, 2009**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**